SUMMARY ORDER
Defendant Auburn Enlarged Central School District (“Auburn”) appeals from a judgment awarding J.G., as parent and next friend of plaintiffs V.G. and M.G., $9,608.30 in attorneys’ fees as the “prevailing party” in two administrative actions brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(B)(i)(I). On appeal, Auburn argues that the district court erred in ruling that J.G. qualifies as a prevailing party under the statute because the Impartial Hearing Officers (“IHO”) in V.G. and M.G.’s administrative actions simply “so-ordered” consent decrees negotiated, drafted, and agreed upon by the parties. “[W]e review the district court’s interpretation of the relevant fee-shifting statute de novo,” Mr. L. v. Sloan, 449 F.3d 405, 406 (2d Cir.2006), and we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
Our decision in A.R. v. New York City Department of Education, 407 F.3d 65 (2d Cir.2005), compels affirmance here. In A.R., we held that parents are “entitled to ‘prevailing party’ status” if they obtain the “administrative analog of a consent decree” from an IHO, even where “the terms of [such orders] ar[i]se out of an agreement between the parties, rather than out of the wisdom of the IHO.” Id. at 77. That is precisely what took place in V.G. and M.G.’s administrative actions.
In urging us to reach a contrary result, Auburn principally relies on a footnote in A.R., 407 F.3d at 78 n. 14, that, in turn, discussed certain “footnoted dictum” in Torres v. Walker, 356 F.3d 238, 245 n. 6 (2d Cir.2004). We are not persuaded. Even assuming, as we did in A.R., that “some evidence” of an IHO’s intent to *584 place his imprimatur on a consent decree is required for a parent to be considered a prevailing party under these circumstances, that requirement is met here. A.R. v. N.Y. City Dep’t of Educ., 407 F.3d at 78 n. 14. This case is not materially distinguishable from that part of A.R. addressing the record of the second portion of M.S.’s case. See id. at 69. Moreover, the IHOs’ intent to place imprimaturs on the consent decrees is beyond dispute here. See, e.g., Letter from IHO James P. Walsh to Susan P. Johns (Jan. 17, 2006) (“I return to you herewith the original [M.G.] Consent Decree entered into by and between the parties, to which I have added my ‘So Ordered.’ ”); Owen Aff. at 6 (describing signing of V.G. decree). Finally, we decline Auburn’s invitation to speculate that the Ai?, panel reached its conclusions in reliance on factors not identified in the opinion. See, e.g., Appellant’s Reply Br. at 7 (“It is possible that the record before the Court revealed that the IHO [in M.S.] actually played more of a role than is appai’ent from the decision.”).
We have considered Auburn’s other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.